IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES | ) |
| | ) CR 18-57 |
| | ) |
| v. | |
| CHARLES PAYNE | |

**OPINION AND ORDER**

**SYNOPSIS**

On November 8, 2018, Defendant pleaded guilty to violating 21 U.S.C. §§ 841(a)(1) and (b)(c), and 18 U.S.C. §§ 922(g)(1) and (c)(1)(A)(i). On May 21, 2019, Defendant was sentenced to concurrent sentences, reflecting a total term of imprisonment of 60 months, followed by a total six-year term of supervised release. Per the Bureau of Prisons inmate locator, Defendant is presently housed at FCI Loretto, and his projected release date is October 28, 2023. Defendant has filed a pro se Motion seeking home confinement or compassionate release pursuant to 18 U.S.C. § 3582, along with supporting medical records.[1] The Government has responded. For the following reasons, Defendant's Motion will be denied.

**OPINION**

A court may reduce a term of imprisonment pursuant to 18 U.S.C. § 3582 if, after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable, the court determines that "extraordinary and compelling reasons warrant the reduction." U.S.S.G. § 1B1.13.[2] According to pertinent application notes, circumstances that might constitute extraordinary and compelling reasons include "a serious physical or medical condition." Id. at comment. n. 1(A), (C)). In addition, any reduction in sentence must be "consistent with

---

[1] The Federal Public Defender declined to enter an appearance on Defendant's behalf.
[2] While the Sentencing Commission's policy statement is not dispositive, it constitutes "helpful guidance." Doolittle, 2020 U.S. Dist. LEXIS 127801, at *6.

applicable policy statements issued by the Sentencing Commission," 18 U.S.C. § 3582(c)(1)(A). "Extraordinary and compelling reasons" may exist based on the defendant's serious physical or medical condition, if that condition substantially diminishes his ability to provide self-care within the correctional facility environment and from which he is not expected to recover. U.S.S.G. § 1B1.13, comment. n. 1(A)(ii)). To merit compassionate release, Defendant must show more than concerns about possibly being exposed to or contracting the virus. See, e.g., United States v. Kealoha, No. 17-00555, 2020 U.S. Dist. LEXIS 117698, at *17 (D. Haw. July 6, 2020). Similarly, "the fact that COVID-19 is present in a correctional facility is not alone sufficient to qualify an inmate for compassionate release …." United States v. Rader, No. 17-0089, 2020 U.S. Dist. LEXIS 128835, at *8 (D. Md. July 22, 2020). In addition to these principles, Defendant's Motion will be assessed in light of well-established liberal standards applicable to pro se filings.

    In this case, Defendant asserts that he has suffered from asthma, for which he has been prescribed an inhaler, and a history of seizures.[3] Defendant has supplied his medical records from the Bureau of Prisons and UPMC Mercy Hospital. The records indicate that Defendant had seizures in 2017. There is no evidence of current incidents. The records reflect that as of April, 2020, Defendant had been asymptomatic for asthma "for years," but believed that allergies and exercise were causing it to flair up. Defendant reported that he used his inhaler occasionally. According to the Centers for Disease Control, people with moderate to severe asthma "may" be at higher risk of getting very sick from COVID-19. www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/asthma.html (Accessed Oct. 8, 2020). Asthma alone has been found an insufficient ground for relief under Section 3582. See, e.g., United States v. Smith, No. 9-187,

---

[3] Defendant has submitted the BOP's denial of his request for compassionate release/reduction in sentence, based on a debilitating medical condition. This is not reason to deny Defendant's Motion on exhaustion grounds. See, e.g., United States v. Davidson, No. 16-cr-00139, 2020 U.S. Dist. LEXIS 150887, at *34 (W.D. Pa. Aug. 20, 2020).

2020 U.S. Dist. LEXIS 129218, at *9 (W.D. Pa. July 20, 2020).  Moreover, there is no indication that Defendant's past seizures constitute or reflect a condition that places him at elevated risk, or that he currently suffers from a seizure-related condition that places him at elevated risk.  Cf., e.g., United States v. Wesley, No. 07-20168, 2020 U.S. Dist. LEXIS 120472, at *6 (D. Kan. July 9, 2020).  The CDC does not identify seizures as creating such a risk.  At FCI Loretto, there are currently no inmate cases of COVID-19.  www.bop.gov/coronavirus/ (Accessed Oct. 8. 2020).  Moreover, the BOP continues to implement its COVID-19 Action Plan.  www.bop.gov/coronavirus/overview.jsp#bop_emergency_response (accessed Oct. 8, 2020).

## CONCLUSION

The Court does not minimize Defendant's situation, or the fear of contracting COVID-19.  Nonetheless, I cannot find that extraordinary and compelling reasons warrant modifying Defendant's sentence at this juncture.  Modification must be grounded on such reasons; compassion alone is not enough, nor is it enough that other applicable factors, such as those identified in Section 3553, might support release.  Based on the present record, I conclude that Defendant's original sentence remains sufficient, but not greater than necessary, to meet all of the goals of sentencing.  His Motion will be denied at this time.  An appropriate Order follows.

BY THE COURT:

*Donetta F. Ambrose*

Donetta W. Ambrose
Senior Judge, U.S. District Court

Dated: October 8, 2020

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES            )
                         ) CR 18-57
                         )
    v.

CHARLES PAYNE

**ORDER**

AND NOW, this 8th day of October, 2020, it is hereby ORDERED, ADJUDGED, and DECREED that Defendant's Motion for Compassionate Release is DENIED.

BY THE COURT:

*/s/ Donetta F. Ambrose*

Donetta W. Ambrose
Senior Judge, U.S. District Court