IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES | ) |
| | ) CR 18-57 |
| | ) |
| v. | |
| CHARLES PAYNE | |

**OPINION AND ORDER**

**SYNOPSIS**

On November 8, 2018, Defendant pleaded guilty to violating 21 U.S.C. §§ 841(a)(1) and (b)(c), and 18 U.S.C. §§ 922(g)(1) and (c)(1)(A)(i). Per the Bureau of Prisons inmate locator, Defendant is presently housed at FCI Loretto, and his projected release date is October 28, 2023. Previously, Defendant filed a a pro se Motion seeking home confinement or compassionate release pursuant to 18 U.S.C. § 3582, which the Court denied by Order dated December 8, 2020 ("December 8 Order"). Before the Court is Defendant's second pro se Motion, seeking immediate transfer to home confinement.[1] The Government has responded. For the following reasons, Defendant's Motion will be denied.

**OPINION**

In the first instance, Courts within this Circuit have determined that they lack authority to transfer Defendant from FCI Loretto to home confinement. See, e.g., United States v. Frazier, No. 16-355, 2020 U.S. Dist. LEXIS 214574, at *8 (E.D. Pa. Nov. 17, 2020). As Defendant appears to acknowledge, that authority rests with the Bureau of Prisons, rather than the courts.

Construing Defendant's Motion as requesting compassionate release rather than direct transfer to home confinement, his request must be denied. A court may reduce a term of

---

[1] The Federal Public Defender declined to supplement Defendant's past and present motions. Defendant's Motion has been assessed according to the liberal standards applicable to pro se submissions.

1

imprisonment pursuant to 18 U.S.C. § 3582 if, after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable, the court determines that "extraordinary and compelling reasons warrant the reduction." U.S.S.G. § 1B1.13.  To merit compassionate release, Defendant must show more than concerns about possibly being exposed to or contracting the virus.  See, e.g., United States v. Kealoha, No. 17-00555, 2020 U.S. Dist. LEXIS 117698, at *17 (D. Haw. July 6, 2020).  Similarly, "the fact that COVID-19 is present in a correctional facility is not alone sufficient to qualify an inmate for compassionate release …." United States v. Rader, No. 17-0089, 2020 U.S. Dist. LEXIS 128835, at *8 (D. Md. July 22, 2020).

In this case, Defendant asserts that FCI Loretto suffered a COVID-19 outbreak the month prior to his most recent filing on December 15, 2020, which has now decreased to fewer active cases.  He asserts that cases are underreported, because only symptomatic persons are tested at the facility.  He also describes the situation at FCI Loretto, which he feels is unsafe in terms of the inability to social distance.  At this time, the facility reports one positive inmate case and 16 positive staff cases.  Bop.gov/coronavirus (accessed January 28, 2021). He reiterates his physical conditions, namely asthma and a history of seizures.[2]   He does not assert that his conditions have worsened or changed since the Court denied his previous Motion, and the information that he has supplied about FCI Loretto does not materially affect the pertinent analysis.  For the reasons stated in this Court's December 8 Order, Defendant's Motion will be denied to the extent that he seeks early release rather than home confinement.

## CONCLUSION

The Court, once again, does not minimize Defendant's concerns or his situation; I am, however, without the authority to order the relief sought.  To the extent that he seeks relief other

---

[2] Defendant has submitted the BOP's denial of his request for compassionate release/reduction in sentence, based on a debilitating medical condition.  This is not reason to deny Defendant's Motion on exhaustion grounds.  See, e.g., United States v. Davidson, No. 16-cr-00139, 2020 U.S. Dist. LEXIS 150887, at *34 (W.D. Pa. Aug. 20, 2020).

than home confinement, that request will be denied on the same grounds as before. It remains that Defendant's original sentence remains sufficient, but not greater than necessary, to meet all of the goals of sentencing. His Motion will be denied at this time. An appropriate Order follows.

BY THE COURT:

*Donetta F. Ambrose*

Donetta W. Ambrose
Senior Judge, U.S. District Court

Dated: January 28, 2021

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES | ) |
| | ) CR 18-57 |
| | ) |
| v. | |
| CHARLES PAYNE | |

**ORDER**

AND NOW, this 28th day of January, 2021, it is hereby ORDERED, ADJUDGED, and DECREED that Defendant's Motion for Compassionate Release is DENIED.

BY THE COURT:

*/s/ Donetta W. Ambrose*

_____

Donetta W. Ambrose
Senior Judge, U.S. District Court